UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| AMBER WARD, individually and on behalf of all others similarly situated, | )<br>)<br>) |
| Plaintiff, | )<br>) Case No. _____ |
| v. | )<br>) |
| TRANSWORLD SYSTEMS, INC., | ) **JURY DEMAND**<br>) |
| Defendant. | )<br>)<br>) |

# COMPLAINT

Now comes AMBER WARD ("Plaintiff,") complaining as to TRANSWORLD SYSTEMS, INC. ("Defendant").

### NATURE OF THE ACTION

1. Plaintiff brings this action pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. § 1692 *et seq.* and the Ohio Consumer Sales Practices Act ("OCSPA") under Ohio Rev. Code Ann. § 1345 *et seq.*

### JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1337 as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

3. Venue is proper pursuant to 28 U.S.C. § 1391 as the events and omissions giving rise to the causes of action occurred within this District.

### PARTIES

4. Plaintiff is a natural person residing within this District.

5. Defendant is a California limited liability company with its principal place of business at 150 North Field Drive #200, Lake Forest, Illinois 60045.

6. Defendant operates as a third-party debt collector and regularly collects upon consumers in Ohio.

7. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers at all times relevant to the instant action.

### FACTS SUPPORTING CAUSES OF ACTION

8. At some point prior to the beginning of 2021, Plaintiff incurred a purported debt (the "Debt") with Cabell Huntington Hospital for personal healthcare.

9. At some point prior to April 15, 2021, the original creditor, assigned the Debt to Defendant for collection.

10. Thereafter, Defendant began sending Plaintiff letters in an attempt to collect on the purported debt.

11. Defendant mailed one such letter (the "Letter") to Plaintiff on or about April 15, 2021.

12. The Letter was contained within an envelope featuring two large glassine windows, the upper of which displays a return address, and the lower (and larger) of which displays Plaintiff's name and address.

13. Unfortunately, in addition to these nondescript markings, the glassine

windows are so overlarge, and the letter within is so crowded with language and symbols, that the glassine windows reveal a great deal more information.

14. Also visible through the upper glassine window is:

   a. An alphanumeric string reading "55.7200.SBEND" that, on information and belief, encodes Plaintiff's personal information, such as her account number, account balance, or original creditor;

   b. A bar code that, on information and belief, contains Plaintiff's personal information, such as her account number and account balance. Images of this effect are attached as Exhibit 1.

15. Also visible through the lower glassine window is:

   a. Two numeric strings that, on information and belief, encode Plaintiff's personal information, such as her account number, account balance, or original creditor;

   b. A QR code that, on information and belief contains Plaintiff's personal information, such as her account number and account balance. Images of this effect are attached as Exhibit 1.

16. Between them, these visible markings created significant risk that all persons who saw the envelope would realize that the envelope's contents pertain to debt collection.

17. On April 21, 2021, Plaintiff's counsel mailed to Defendant, on behalf of Plaintiff, a letter disputing both the amount of the Debt and Defendant's right to collect the Debt.

18. On or about May 27, 2021 Defendant mailed an envelope (the "Verification") that contained the following:

    a. One blank page with only Plaintiff's and Defendant's addresses.

    b. One page that contained the following information:

        i. Defendant's internal reference number for Plaintiff's alleged debt, which was listed on the Letter;

        ii. the name of original creditor, which was listed on the Letter;

        iii. the same creditor's account number listed on the Letter;

        iv. the same balance due listed on the Letter; and

        v. the statement:

> "Please be advised that we have contacted the creditor with a request for validation of account 84844729 Sbend. We will forward any materials we receive as a result of our request for account 84844729 Sbend to your attention for your review and consideration."

    c. The Verification did not, otherwise, contain any new information.

    d. Specifically, the Verification mailed by Defendant did not provide a copy of an invoice, statement, or other original document from the creditor, and it did not explain Defendant's claimed right to collect.

    e. Defendant has mailed no additional documents to Plaintiff. On information and belief, Defendant neither communicated the dispute to the original creditor nor intended to forward the original creditor's response to Plaintiff.

19. This action follows.

[ 4 ]

## CLASS ALLEGATIONS

20. Plaintiff brings this claim on behalf of one class, pursuant to Fed. R. Civ. P. 23(a) and Fed. R. Civ. P. 23(b)(2) and/or (b)(3).

21. The class consists of (a) all individuals in Ohio, (b) to whom Defendant mailed a letter seeking to collect upon a debt, (c) displaying and/or capable of displaying after ordinary jostling, through the glassine window or otherwise on the exterior of the envelope, a barcode capable of revealing the recipient's personal information, such as the recipient's account number, (d) which letter was received on or after June 23, 2020.

22. The class is so numerous that joinder of all members is not practicable. On information and belief, contains hundreds of members.

23. There are questions of law and fact common to the class's members that predominate over any questions relating to individual class members. The predominant question for the class is whether the placement and/or content of the symbol or language complained of violates the FDCPA and CSPA.

24. Plaintiff's claims are typical of the claims of all members of the class. The claims of all members of the class are based on the same factual and legal theories.

25. Plaintiff will fairly and adequately represent the class members. Plaintiff has retained competent counsel familiar with FDCPA, CSPA, and class action litigation and with the resources necessary to pay for class notice and discovery costs.

26. A class action is superior for the fair and efficient adjudication of this matter, in that individual actions are not economically feasible and many if not most class members are unaware of their rights.

### COUNT I—VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

27. Plaintiff realleges the paragraphs above as though fully set forth herein.

28. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

29. Defendant is a "debt collector" as defined by § 1692a(6) of the FDCPA because the principal purposes of their businesses are the collection of debts, and because they use the instrumentalities of interstate commerce to do so.

30. In the alternative, Defendant is a "debt collector" under § 1692a(6) because it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

31. The subject purported debt is a "debt" as defined by FDCPA § 1692a(5) because the debt owed or due or asserted to be owed or due to another arises out of a transaction for personal, family, or household purposes, being in this case a debt for personal cell phone service.

32. Defendant violated the FDCPA by using language and symbols, other than its name and address, on an envelope when communicating with Plaintiff, in violation of § 1692f(8).

33. Defendant violated the FDCPA by not providing verification of Plaintiff's alleged debt after Plaintiff properly disputed the validity of the alleged debt, in violation of § 1692g(a)(4) and § 1692g, generally.

[ 6 ]

34. Defendant violated the FDCPA by not providing Plaintiff with the name and address of the original creditor upon Plaintiff's written request within the thirty-day period for verification of alleged debt, in violation of § 1692g(a)(5).

35. Defendant violated the FDCPA by falsely stating that it had requested validation from the original creditor and would forward any materials it received, in an attempt to convince Plaintiff the debt was legitimate without providing evidence, in violation of § 1692e(10) and § 1692e, generally.

36. As a result of Defendant's violations, Plaintiff's financial predicament was exposed to all individuals in the chain of custody of the letter, subjecting her to actual embarrassment and shame, potential reputational damage, and worse. Further, Defendant's failure to adequately verify the debt rendered it impossible for Plaintiff to properly prioritize her debts and otherwise deprived her of necessary information.

37. Plaintiff is therefore entitled to statutory damages of up to $1,000, plus attorney fees, and the proposed classes are entitled to statutory damages up to the lesser of $500,000 or 1% of Defendant's net worth, plus attorney fees, under § 1692k(a).

### COUNT II — VIOLATIONS OF THE OHIO CONSUMER SALES PRACTICES ACT

38. The CSPA, pursuant to R.C. 1345.02(A), states that "[n]o supplier shall commit an unfair or deceptive practice in connection with a consumer transaction."

39. Plaintiff is a "person" as defined by R.C. 1345.01(B).

40. Defendant is a "supplier" as defined by R.C. 1345.01(C). *Taylor v. First Resolution Invest. Corp.*, 72 N.E.3d 573, 600 (Ohio 2016), *cert. denied sub nom. First Resolution Inv. Corp. v. Taylor-Jarvis*, 137 S. Ct. 398 (2016).

[7]

41. Debt collection is a "consumer transaction" as defined by R.C. 1345.01(A).

42. R.C. §1345.09(B) thus grants Plaintiff a private right of action against Defendant for damages.

43. Defendant committed unfair or deceptive acts or practices in violation of the CSPA, R.C. 1345.02(A), when Defendant engaged in acts and practices in violation of the FDCPA as set forth above.

44. Such acts and practices have been previously determined by Ohio courts to violate the CSPA, R.C. 1345.01 *et seq.* *See, e.g.*, *Kelly v. Montgomery Lynch & Assocs., Inc.*, No. 1:07-CV-919, 2008 WL 1775251, at *11 (N.D. Ohio Apr. 15, 2008) ("[A]ny violation of any one of the enumerated sections of the FDCPA is necessarily an unfair and deceptive act or practice in violation of R.C. § 1345.02 and/or § 1345.03").

45. Further, Defendant committed unfair or deceptive acts or practices in violation of the CSPA, R.C. 1345.02(A), when Defendant purposefully violated the TCPA in an unfair manner. *See United States v. Dish Network LLC*, 256 F. Supp. 3d 810, 965 (C.D. Ill. 2017) (interpreting Ohio case law).

46. Defendant committed such actions after such decisions were available for public inspection pursuant to R.C. 1345.05(A)(3).

47. The CSPA's procedural prohibition against seeking statutory minimum damages in a class action conflicts with and is preempted by Fed. R. Civ. P. 23's requirements for class certification. *See Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393 (2010) (Scalia, J.) (holding, in the narrowest concurrence, that "Rule 23 . . . falls within § 2072(b)'s authorization. A class action, no less than traditional

joinder . . ., merely enables a federal court to adjudicate claims of multiple parties at once, instead of in separate suits.  And like traditional joinder, it leaves the parties legal rights and duties intact, and the rules of decision unchanged.").

48. Plaintiff and each member of the proposed classes are therefore entitled to statutory damages of $200 per violation, plus reasonable attorney fees under R.C. §1345.09(B) & (F)(2).

WHEREFORE, Plaintiff respectfully requests judgment as follows:

a. Certifying the proposed class;

b. Appointing Plaintiff as class representative for the proposed class;

c. Appointing Plaintiff's counsel as class counsel for the proposed class;

d. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

e. Awarding statutory damages of $1,000.00 per plaintiff per alleged debt, up to the lesser of $500,000 or 1% of Defendants' net worth, to the classes, as provided under § 1692k(a);

f. Awarding statutory damages of $200 per violation per class member for violations of the CSPA to the class;

g. Awarding Plaintiff, as class representative, statutory damages of $1,000, as provided under § 1692k(a);

h. Awarding Plaintiff, as class representative, statutory damages of $200 per violation of the CSPA, as provided under R.C. 1345.09(B);

    **i.**      Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. § 1692k(a)(3);

    **j.**      Awarding Plaintiff costs and reasonable attorney fees, with a multiplier, as provided under R.C. 1345.09(F)(2);

    **k.**      Awarding Plaintiff and class members, current and future, injunctive relief under R.C. 1345.09(D) prohibiting Defendant from continuing to employ letters substantially in the form described in this complaint;

    **l.**      Awarding Plaintiff the costs of this action; and

    **m.**      Awarding any other relief this Honorable Court deems just and appropriate.

**A TRIAL BY JURY IS DEMANDED.**

Dated:  June 22, 2021

                                                          By:  s/ Geoffrey Parker

                                                          Geoffrey Parker (0095742)
                                                          HILTON PARKER LLC
                                                          7544 Slate Ridge Blvd.
                                                          Reynoldsburg, OH 43068
                                                          Tel: (614) 992-2277
                                                          Fax: (614) 927-5980
                                                          gparker@hiltonparker.com
                                                          *Attorney for Plaintiff Amber Ward*